```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TERRENCE HILLS                              CIVIL ACTION

VERSUS                                      NO: 07-4207

BRINKS, INCORPORATED AND                    SECTION: R(5)
BRINKS HOME SECURITY
```

### ORDER AND REASONS

Before the Court is defendants' motion to dismiss for improper venue or, in the alternative, to transfer venue. For the following reasons, the Court DENIES defendants' motion.

### I.   BACKGROUND

This case arises out of a car accident on an interstate highway in Dallas, Texas. Plaintiff Terrence Hills is a truck driver who lives in New Orleans, Louisiana. Defendants Brinks, Inc., and Brinks Home Security (collectively "Brinks") are affiliated Delaware corporations that have principal places of business in Virginia. Plaintiff alleges that on August 25, 2006,

William Dubon, a Brinks armored truck driver, lost control of his truck and struck plaintiff's vehicle, a car-carrier tractor trailer, after running into two other vehicles.[1] A police officer later investigated the accident.[2] Defendants contend that except for plaintiff, the drivers of every other vehicle involved in the accident and the investigating police officer reside either in Fort Worth or Dallas. Plaintiff alleges that he suffered personal injuries as a result of the accident and has filed unspecified tort claims in this Court, alleging complete diversity between the parties and that the amount in controversy exceeds $75,000. Defendants now move to dismiss this case for improper venue or, in the alternative, to transfer venue either to the United States District Court for the Northern District of Texas, Dallas Division, or to the United States District Court for the Middle District of Louisiana.

**II.   DISCUSSION**

    **A.   Motion to Dismiss for Improper Venue**

A motion to dismiss for improper venue is governed by 28 U.S.C. § 1406(a), which provides that "[t]he district court of a

---

[1] See Pl.'s Cmplt. at ¶¶ IV-VI, R. Doc. 1 at 2.

[2] See Defs.' Mem. Supp., Ex. A, R. Doc. 7-3.

district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In a lawsuit based solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a). The statute specifically provides that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). When a corporation is a defendant, its residence for venue purposes in a diversity action is governed by 28 U.S.C. § 1391(c). A corporate defendant

> shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. 1391(c).

By arguing that the Eastern District of Louisiana is an improper venue because they do not "reside" in this district, defendants essentially argue that this Court lacks personal jurisdiction over them. When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the district court has personal jurisdiction over the defendant. *See Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Generally, when a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as is the case here, "it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by [any] affidavits." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). A plaintiff satisfies his burden "by presenting a *prima facie* case for personal jurisdiction." *Id.* However, the *prima-facie*-case requirement does not require a court to credit a plaintiff's conclusory allegations that lack foundational support or require the court to draw tortured inferences. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001) (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's Long-Arm Statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See id.* Louisiana's long-arm statute extends jurisdiction to the full limits of due process. La. Rev. Stat. § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits of and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "'traditional notions of fair play and substantial justice.'" *Latshaw*, 167 F.3d at 211 (quoting *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)). That is, the defendant's contacts with the forum state should be such that it "'should reasonably anticipate being haled into court' in the forum state." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

This Court has personal jurisdiction over defendants because they have purposefully availed themselves of the privileges of conducting business in Louisiana, and the Court further finds that exercising personal jurisdiction in this case does not offend traditional notions of fair play and substantial justice.

It is undisputed that defendants are licensed to do business in Louisiana and maintain an office in the state. Defendants have submitted a certificate of corporate registration with the Louisiana Secretary of State that reflects that they are authorized to conduct business in the state and that they maintain their principal business establishment in Baton Rouge.[3] Under Louisiana law, a foreign corporation that obtains a certificate of authority from the state is authorized to transact business in the state, enjoys the same rights and privileges as businesses incorporated in the sate, and is subject to the same duties and liabilities as businesses incorporated in the state. *See* La. Rev. Stat. 12:306. By obtaining authorization to do business in Louisiana, defendants have subjected themselves to the jurisdiction of Louisiana courts under La. Rev. Stat. § 13:201. *See Inversiones Inmobiliaria El Bosque , S.A. v. Transtainer Corp.*, No. Civ. A. 03-0962, 2004 WL 325615, at *3 (E.D. La. Feb. 18, 2004); *Charles v. First Financial Ins. Co.*, 709 So. 2d 999, 1001 (La. Ct. App. 1998). *Cf. Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1270 n.21 (5th Cir. 1981) (noting under an analogous Texas statute that a corporation authorized to do business in state consents to amenability to jurisdiction for

---

[3] *See* Defs.' Mem. Supp. Ex. B, R. Doc. 7-4 at 1.

purposes of all lawsuits brought within state).

Moreover, defendants have not offered anything to controvert plaintiff's allegation that they are licensed to do and are in fact doing business in the Eastern District of Louisiana.[4] They merely assert, without explanation, that their contacts with the Eastern District are insufficient to subject them to the personal jurisdiction of this Court. They state in their briefs that they have not maintained physical offices in the New Orleans area since Hurricane Katrina, but they offer no affidavits in support of this contention. Even if defendants do not maintain physical offices in the Eastern District, they have cited no authority for the proposition that a physical office location is necessary for personal jurisdiction to exist when a defendant is licensed to do business in the state.

Significantly, defendants do not deny that they conduct business in the Eastern District. Their silence on this point speaks volumes. Defendants provide armored courier services and home security protection. While it is true that the population of the greater New Orleans area declined after Hurricane Katrina and that effects from the storm disrupted some business operations in the district, New Orleans and the surrounding cities and parishes

---

[4] *See* Pl.'s Cmplt. at ¶ I, R. Doc. 1 at 1.

in this district remain major population centers and areas of significant commercial activity in the state. More than a third of the state's estimated population lives in the Eastern District.[5] The New Orleans metropolitan area is also the largest in the state.[6] According to their own certificate of corporate registration, defendants have been licensed to do business in Louisiana since 1990, and they acknowledge that they conducted business and maintained offices in the Eastern District before Hurricane Katrina. Unless defendants are to contend that they do

---

[5] The Court takes judicial notice of the U.S. Census Bureau's recent population estimates for the thirteen parishes within the Eastern District of Louisiana. *See* Fed. R. Ev. 201(b); *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989); *United States v. United Brotherhood of Carpenters and Joiners of America, Local 169*, 457 F.2d 210, 214 n.7 (7th Cir. 1972). The Census Bureau estimates that as of 2006, 1,430,660 people lived in the Eastern District. *See* U.S. Census Bureau, State & County QuickFacts: Louisiana, http://quickfacts.census.gov/qfd/states/22000.html (last visited January 17, 2008). This total is more than a third of Louisiana's 2006 estimated total population of 4,287,768. *Id.*

[6] The Census Bureau also estimates that as of December 2005, 723,830 people lived in the New Orleans metropolitan statistical area. *See* U.S. Census Bureau, 2005 American Community Survey Gulf Coast Area Data Profiles: New Orleans-Metaire-Kenner, LA Metropolitan Statistical Area Data Profiles, http://www.census.gov/acs/www/Products/Profiles/gulf_coast/tables/tab1_katrinaKO100US2203v.htm (last visited January 17, 2008). By comparison, the Baton Rouge MSA, the next largest, contained 685,367 persons. *See* U.S. Census Bureau, 2005 American Community Survey Gulf Coast Area Data Profiles: Baton Rouge, LA Metropolitan Statistical Area Data Profiles, http://www.census.gov/acs/www/Profiles/gulf_coast/tables/tab1_katrinaK0100US2204v.htm (last visited January 17, 2008).

not conduct business in an area that encompasses more than a third of the state's population and involves significant economic activity – which they do not – they would be hard pressed to refute plaintiff's allegations. Accordingly, the Court finds that plaintiff has made an unrebutted *prima facie* showing that defendants are subject to personal jurisdiction in the Eastern District of Louisiana and that venue in this forum is proper.

> **B. Motion to Transfer Venue for Convenience of Parties and Witnesses**

Defendants move the Court in the alternative to transfer this case either to the Northern District of Texas, Dallas Division, or the Middle District of Louisiana for the convenience of witnesses and the parties. Their request is governed by 28 U.S.C. § 1404(a), which provides in its entirety: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id*. As the party requesting transfer, defendants bear the burden of establishing that the transferee forum is more convenient than plaintiff's choice. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In *In re Volkswagen of America, Inc.*, 506 F.3d 376 (5th Cir. 2007) (*In re Volkswagen II*), the Fifth Circuit recently addressed the standard and factors that a district court

must consider in determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a). *See id.* at 380 n.1. First, by the terms of the statute, the court must address the threshold question of "whether the suit could have been filed originally in the [proposed] destination venue." *In re Volkswagen II*, 506 F.3d at 380. Second, the court must give deference to the plaintiff's choice of forum, unless the moving party shows "good cause" for the transfer by demonstrating that it is "for the convenience of the parties and witnesses, in the interests of justice." *Id.* at 384. The *In re Volkswagen II* court explained that when "the transferee forum is *no more* convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is *clearly more* convenient, a transfer should be ordered." *Id.* (emphasis added).

Although transfer under § 1404(a) is "committed to the sound discretion" of the transferring court, *see Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988), the Fifth Circuit has identified certain "private interest" and "public interest" factors that courts should consider for consistency in decision-making. *In re Volkswagen II*, 506 F.3d at 380 n.1. Among the private interest factors, the court must evaluate: (1) the relative ease and access to sources of proof; (2) the availability of compulsory process to secure the

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 380. The court must also consider the following public interest factors: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* No one of these factors "can be said to be of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

As an initial matter, each of the proposed transferee districts is a forum in which plaintiff originally could have brought this case. The accident happened in Dallas. Therefore, the Dallas division is a proper venue under 28 U.S.C. § 1391(a)(2). Defendants concede that they are corporate residents of the Middle District of Louisiana. Therefore, venue there would have been proper under § 1391(a)(1). Having established that plaintiff could have filed this suit in the proposed alternative venues, the Court now evaluates whether either of these venues is clearly more convenient than plaintiff's choice of forum.

The Court also notes at the outset that this is not a case

in which plaintiff has chosen a forum with which he has no connection, which might raise the specter of improper forum shopping. *See In re Volkswagen II*, 506 F.3d at 387; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 377 (5th Cir. 1987); *Axa Re-Property and Cas. Ins. Co. v. Tetra Technologies, Inc.*, No. Civ. A. 02-1968, at *5 (E.D. La. Nov. 27, 2002); *Blanchard & co. v. Spectrum Numisamatics, Inc.*, Civ. A. No. 93-2554, at *4 (E.D. La. Oct. 26, 1994). The convenience of the forum to the parties is a statutory consideration. Plaintiff has made an uncontroverted showing the defendants conduct business in the Eastern District of Louisiana, plaintiff resides in the chosen forum, and clearly plaintiff's home forum is more convenient for the plaintiff.

    1.   Private Interest Factors

        *a.*   *Relative ease and access to sources of proof*

Defendants correctly point out that the situs of events giving rise to plaintiff's alleged injuries, as opposed to where he has received medical treatment, is an important factor in determining whether an alternative venue is more convenient than plaintiff's forum choice. Defendants conclusorily argue that the litigation will focus on the accident site. Defendants do not contend that the physical characteristics of the interstate highway on which plaintiff and defendants' employee were driving contributed to the accident. Defendants do not contend that it

would be necessary to visit the physical location of the accident. Furthermore, the parties may present evidence of the site via photographs, which is the typical mode of proceeding. Nor does the nature of this case involve a large volume of documents that would weigh heavily in favor of transferring the case to the Dallas division. The Court fails to see how either of the proposed transferee districts would provide any greater access to sources of proof than were the case to proceed in this district. Accordingly, the Court finds that this factor is neutral.

> b.  *Availability of compulsory process to secure the attendance of witnesses*

Defendants argue that the Dallas division is the most convenient venue because witnesses to the accident live in the Dallas area. Except for plaintiff, the other drivers involved in the accident and the responding officer live in the Dallas area. Defendants also indicate that other non-driver witnesses to the accident and medical personnel who responded to the accident live more than 100 miles from the Court. Courts have recognized that the availability and convenience of witnesses is an important factor in a § 1404(a) analysis. *See, e.g., Continental Airlines, Inc. v. American Airlines, inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992). But the party moving for transfer must do more than

"make a general allegation that certain key witnesses are needed." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). It must "specifically identify the key witnesses and outline the substance of their testimony." *Id*. See also *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F. Supp. 2d 567, 574 (E.D. Tex. 2004); *Becnel v. Smile Community Action Agency,* Inc., 207 F. Supp. 2d 520, 522 (M.D. La. 2001); McDonough *Marine Service v. Royal Ins. Co.*, No. Civ. A. 00-3134, 2001 WL 576190, at *3 (E.D. La. May 25, 2001) (citing *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)). Here, plaintiff states that the other drivers are not necessary to its case. Plaintiff does not allege that defendants' driver caused a chain reaction pile up, which would make the testimony of all other drivers relevant to establishing liability. On the contrary, plaintiff contends that the Brinks truck went out of control and ran into his vehicle directly. Defendant does not even state what its defense to this case is, much less the nature of the testimony it expects to elicit from the other drivers. It is not at all clear that these drivers would be called by defendants. Defendants also refer to non-driver witnesses, but they have produced no addresses to demonstrate that in fact they live in the Dallas division. Nor do defendants represent that these individuals live in the Dallas

division. As the accident occurred on an interstate highway, that these witnesses were present does not mean they live in the Dallas area. And as with the drivers involved in the accident, defendants make no showing as to which of these witnesses they would call or what they would say. Further, there is no indication that plaintiff received medical treatment at the scene of the accident, and defendant has made no showing that any paramedic has relevant evidence to offer.

The testimony of defendants' driver would certainly be important because plaintiff alleges that he was negligent in the operation of his armored truck. But because the driver is defendants' employee, they can easily compel his presence. *See Carpenter v. Parker Offshore Drilling USA, Inc.*, No. Civ. A. 05-265, 2005 WL 1432373, at *2 (E.D. La. June 16, 2005).

Plaintiff intends to rely on the police investigation report. The accident report could be admissible under the public records exception to the hearsay rule set forth in Federal Rule of Evidence 803(8)(c), and the witness statement reflected in it might satisfy the hearsay exception for present sense impression. *See, e.g., Martinez v. Aetna Ins. Co.*, No. Civ. A. 97-2388, 1999 WL 169434, at *3 (E.D. La. Mar. 24, 1999). If, however, the statement in the accident report on which plaintiff intends to rely does not fall within a hearsay exception, then the testimony

of the witness to the accident interviewed by the police officer may be presented by deposition. Doing so would not pose a significant inconvenience, and the need to call one witness by deposition does not shift the balance of convenience to Dallas. Accordingly, defendants have failed to carry their burden of showing that Dallas would be a more convenient forum for witnesses in this case.

       *c.*   *Cost of attendance for willing witnesses*

As discussed, *supra*, defendants have failed to explain what the testimony of other drivers involved in the accident would entail or demonstrate that they would likely testify in this case. The Court recognizes that New Orleans is far more than 100 miles from the Dallas area, and that when the distance of a venue is more than 100 miles from the location of witnesses, the inconvenience to the witnesses increases in direct proportion to the distance to be traveled. *See In re Volkswagen II*, 506 F.3d at 386 (citing *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) (*In re Volkswagen I*)). But unlike the situation in *In re Volkswagen II* in which defendants submitted affidavits from prospective witnesses on the hardship of traveling to a judicial district to which *no* party had any connection, defendants here have given no indication as to who is necessary as a witness. Accordingly, the Court also finds that this factor does not weigh

in favor of transfer.

> d.  *Practical considerations for expeditious adjudication*

This case is still in its nascent stages. Discovery has only recently begun, and trial is set for September 22, 2008. Neither party would likely suffer any prejudice if the Court transferred this matter. Therefore, this factor is also neutral.

2. Public Interest Factors

> a.  *Court congestion*

The parties agree that this case does not present any particular administrative difficulties or threaten to clog any court's docket. It is a straightforward negligence case involving a car wreck. Therefore, the Court finds that this factor is neutral.

> b.  *Local interest in having localized interests decided at home*

It is well-established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (citing *Gilbert*, 330 U.S. at 509). The Fifth Circuit has noted that when the underlying facts of a case are overwhelmingly tied to one locale, then the place of the alleged wrong "is a consideration that properly can be considered within the analysis of the local interest in having localized

interests decided at home." *In re Volkswagen II*, 506 F.3d at 387 n.7. Because the car accident occurred on a highway in Dallas. this factor weighs in favor of transfer to the Dallas Division. But it does so only slightly because plaintiff is a Louisiana citizen, and the accident did not affect a large number of individuals.

      c. *Familiarity of the forum with the law that will govern the case*

Because the Court's jurisdiction is based on diversity of citizenship, the choice of law rules of Louisiana, the forum state, apply. *See Klaxon Co. v. Stenton Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Duhon v. Union Pacific Resources Co.*, 43 F.3d 1011 (5th Cir. 1995). Article 3543 of the Louisiana Civil Code provides that "[i]ssues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred." The accident at issue in this case occurred in Texas. Thus, Texas substantive law would apply. Defendants argue that the Dallas division would be more familiar with Texas tort law than this Court. Tort law is not rocket science, and defendants have not shown that Texas tort law is so different from other jurisdictions' laws that this Court would struggle to apply it. This Court has applied the laws of other states in numerous other diversity suits, including personal

injury cases. There is no reason that it would be unable to do so in this case. Accordingly, this factor is neutral.

>   d.  *Avoidance of unnecessary problems of conflict of laws*

There is no indication that this case raises any conflicts of law issues. Therefore, this factor is neutral.

Considering all of the § 1404(a) factors, the Court finds that neither of the proposed transferee districts is clearly more convenient than this forum. Unlike the situation in *In re Volkswagen II*, this case is not a situation where plaintiff has selected a forum that is completely unrelated either to any of the parties or the events giving rise to the case. Accordingly, plaintiff's choice of forum deserves due deference.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion.

New Orleans, Louisiana, this 25th day of January 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE